IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM THOMAS CAREY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-2184-K |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner William Thomas Carey, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner was charged in separate indictments with two counts of aggravated sexual assault of a child. Following his conviction by a jury on both counts and his plea of true to a prior rape conviction, the trial court sentenced petitioner to life imprisonment in each case. His convictions were affirmed on direct appeal and upheld on state collateral review. *Carey v. State*, No. 06-03-00144-CR, 2004 WL 743676 (Tex. App.–Texarkana, Apr. 8, 2004, no pet.); *Carey v. State*, No. 06-03-00145-CR, 2004 WL 743663 (Tex. App.–Texarkana, Apr. 8, 2004, no pet.); *Ex parte Carey*, WR-63,555-01 (Tex. Crim. App. Aug. 9, 2006); *Ex parte Carey*, WR-63,555-02 (Tex. Crim. App. Aug. 9, 2006). Petitioner then filed this action in federal district court.

II.

In multiple grounds for relief, petitioner contends that: (1) the evidence was insufficient to support his convictions; (2) the indictments were fundamentally defective; (3) the trial court allowed hearsay opinion testimony from an unqualified expert, admitted evidence of other bad acts that were not alleged in the indictments, and did not require the state to elect a specific act or offense upon which it would seek conviction; (4) the prosecutor failed to preserve material evidence, withheld evidence favorable to the defense, did not investigate the facts of the case, and repeatedly characterized him as a "pervert," "monster," and "pedophile" throughout the trial; and (5) he received ineffective assistance of counsel at trial and on appeal.[1]

A.

As a preliminary matter, respondent argues that certain claims are unexhausted and procedurally barred from federal habeas review.

1.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *Satterwhite v. Lynaugh,*

---

[1] To the extent petitioner intends to present claims that are not addressed herein, it is because the court is unable to decipher his pleadings. As this court recently observed:

> Principles requiring generous construction of *pro se* pleadings are not without limits. District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would "require ... [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would ... transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."

*Jackson v. Quarterman,* No. 3-06-CV-0494-G, 2008 WL 58879 at *1 n.1 (N.D. Tex. Jan. 3, 2008), *quoting Mitchell v. Turner,* No. 1-07-CV-2097, 2007 WL 3216969 at *1 (N.D. Ohio Oct. 31, 2007). *See also Smith v. Jackson,* No. 04-CV-40256-FL, 2006 WL 950269 at *2 (E.D. Mich. Apr. 12, 2006) (noting that a district court is not required "to divine" the issues that a prisoner is attempting to raise in his habeas petition).

886 F.2d 90, 92-93 (5th Cir. 1989); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). While a federal court has limited discretion to stay a habeas petition and hold it in abeyance so a prisoner can return to state court to exhaust previously unexhausted claims, *see Rhines v. Weber*, 544 U.S. 269, 275, 125 S.Ct. 1528, 1533-34, 161 L.Ed.2d 440 (2005), Texas law prohibits a prisoner from filing a second or successive application for post-conviction relief if the grounds stated therein could have been, but were not, raised in a prior state writ. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 (Vernon 2005).[2] This procedural bar also applies to unexhausted claims if the state court would likely dismiss a successive writ under article 11.07, § 4. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

2.

The following claims were not presented to the Texas Court of Criminal Appeals on direct appeal or in a properly-filed application for state post-conviction relief: (1) the trial court allowed

---

[2] Article 11.07, § 4 provides, in pertinent part:

> If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a).

evidence of other bad acts that were not alleged in the indictments and did not require the state to elect a specific act or offense upon which it would seek conviction; (2) the prosecutor repeatedly characterized petitioner as a "pervert," "monster," and "pedophile" throughout the trial; (3) defense counsel did not request a competency hearing, hire a private investigator, object to prosecutorial misconduct, or vigorously cross-examine witnesses; and (4) petitioner received ineffective assistance of counsel on appeal. Instead, petitioner raised these claims in an untimely "supplement" to his state writ of habeas corpus. Although the Texas Court of Criminal Appeals may, in its discretion, consider late-filed supplemental claims on collateral review, it is not required to do so. *See Ex parte Watkins*, 770 S.W.2d 816, 819 (Tex. Crim. App. 1989). Here, the Texas court denied post-conviction relief based on the findings of the trial court. *Ex parte Carey*, WR-63,555-01 & 63,555-02 at cover. Because petitioner did not file his "supplement" until *after* the trial court made findings of fact and conclusions of law, it is clear that the Texas Court of Criminal Appeals never considered the claims first raised in the "supplement." The court therefore determines that the supplemental claims are unexhausted and procedurally barred. *See Quan Ha v. Dretke*, No. H-04-2543, 2005 WL 1676800 at *8 (S.D. Tex. Jul. 15, 2005) (claims raised for the first time in a late-filed supplement to a state writ are unexhausted and procedurally barred from federal habeas review); *Jackson v. Dretke*, No. 4-03-CV-0349-A, 2003 WL 22083824 at *4 n.5 (N.D. Tex. Sept. 9, 2003), *rec. adopted*, 2003 WL 22284031 (N.D. Tex. Oct. 1, 2003) (same).

B.

Petitioner also contends that the only evidence sufficient to prove his guilt was "the contradictory testimony of the complainant." (*See* Hab. Pet. at 8, ¶ 20(D)). The court construes this claim as a challenge to the factual sufficiency of the evidence.[3]

---

[3] Although petitioner challenged the factual sufficiency of the evidence on direct appeal and in his state writ, the claim was never presented to the Texas Court of Criminal Appeals in a procedurally correct manner. Petitioner did

1.

Under Texas law, intermediate appellate courts have the authority to review fact questions in criminal cases. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). This "factual sufficiency" review of the evidence is broader than a "legal sufficiency" challenge under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *Id.* Instead of viewing the evidence in the light most favorable to the prosecution and determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," a factual sufficiency inquiry views all the evidence to determine whether the verdict "is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Pruitt v. Cockrell*, No. 3-00-CV-1713-H, 2001 WL 1115339 at *13 (N.D. Tex. Sept. 14, 2001), *quoting Clewis*, 922 S.W.2d at 129. The power of state appellate courts to review the factual sufficiency of the evidence derives from Texas statutory and constitutional authority. *Id.* at *14 (citing cases). There is no corresponding right of review under the United States Constitution. *Id.*; *see also Daisy v. Dretke*, No. 3-04-CV-2015-D, 2004 WL 3167743 at *2 (N.D. Tex. Dec. 21, 2004) (citing cases), *COA denied*, No. 05-10052 (5th Cir. Nov. 9, 2005).

2.

Petitioner tacitly concedes that there is at least some evidence to support his convictions. Indeed, the complaining witness, who was nine years-old at the time the offenses were committed, testified that petitioner touched her "private" multiple times with his hands, put his mouth on her breast and "private," and inserted his finger inside her "private." (*See* SF-III at 90-91, 93-94, 100-

---

not file a petition for discretionary review after his convictions were affirmed by the state appeals court. The same claim was rejected on state collateral review because, under Texas law, a petitioner may not challenge the sufficiency of the evidence in an application for state post-conviction relief. *See Ex parte Carey*, WR-63,555-01, Tr. at 88, ¶ 5 (citing cases); *Ex parte Carey*, WR-63,555-02, Tr. at 66, ¶ 5 (citing cases). However, because respondent does not raise a procedural bar defense, the court declines to dismiss petitioner's factual sufficiency claim on that ground.

02). When shown a diagram of a young girl and asked to identify the part of the body she called her "private," the witness circled the vaginal area of the girl pictured on the diagram. (*Id.* at 86-87 & St. Exh. 3). This evidence, viewed in the light most favorable to the prosecution, is more than sufficient to prove the elements of aggravated sexual assault of a child.[4] Unable to successfully attack the legal sufficiency of the evidence, petitioner argues that the complainant gave conflicting testimony at trial and the state failed to offer any medical evidence to prove penetration. These arguments implicate the factual sufficiency of the evidence, which is not cognizable under 28 U.S.C. § 2254. *See Daisy*, 2004 WL 3167743 at *2; *Pruitt*, 2001 WL 1115339 at *13.

C.

In his remaining grounds for relief, petitioner contends that: (1) the indictments were fundamentally defective; (2) the trial court admitted hearsay opinion testimony from an unqualified expert; (3) the prosecutor failed to preserve material evidence, withheld evidence favorable to the defense, and did not investigate the facts of the case; and (4) he received ineffective assistance of counsel at trial. These claims are properly exhausted and will be considered in turn.

1.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[4] Under Texas law, a person commits the offense of aggravated sexual assault if the person intentionally or knowingly, *inter alia*, "causes the penetration of the anus or female sexual organ of a child by any means" and "the victim is younger than 14 years of age." *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i) & (a)(2)(B) (Vernon 2002).

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 411-13, 120 S.Ct. 1495, 1522-24, 146 L.Ed.2d 389 (2000). A state court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams*, 120 S.Ct. at 1523. A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by state courts are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### 2.

Petitioner argues that the indictments were fundamentally defective because they failed to allege a prior conviction used for enhancement purposes. At issue is a 1989 rape conviction from California. Although the state did not amend the indictments to specify that the prior conviction would be used to enhance punishment under Tex. Penal Code § 12.42(c)(2),[5] the prosecutor did file formal notices to that effect two weeks before trial. (*See* St. App. Tr. at 9, 20). Still, petitioner maintains that the failure to allege this prior conviction in a separate enhancement paragraph deprived him of a fair trial.

---

[5] Section 12.42(c)(2) provides for a mandatory life sentence if, *inter alia*, the defendant is convicted of aggravated sexual assault of a child and was previously convicted of an enumerated sexual assault offense. *See* TEX. PENAL CODE ANN. § 12.42(c)(2)(A)(i) & (B)(ii) (Vernon Supp. 2007).

This argument fails for at least two reasons. First, petitioner pled true to the prior conviction before the punishment hearing, thereby waiving any claim relating to his sentence enhancement. *See Ex parte Carey*, WR-63,555-01, Tr. at 88, ¶ 7; *Ex parte Carey*, WR-63,555-02, Tr. at 66, ¶ 7. Second, the sufficiency of an indictment is a matter of state law. *See Johnson v. Puckett*, 930 F.2d 445, 447 (5th Cir.), *cert. denied*, 112 S.Ct. 252 (1991); *Branch v. Estelle*, 631 F.2d 1229, 1233 (5th Cir. 1980). Here, the state appeals court held that prior convictions used as enhancements must be pled in some form, "but not necessarily in the indictment." *Carey*, 2004 WL 743676 at *3, *citing Brooks v. State*, 957 S.W.2d 30, 33 (Tex. Crim. App. 1997). The state court ultimately rejected petitioner's challenge to the sufficiency of the indictments because there was a formal pleading specifying that the California conviction would be used to enhance punishment. *Id.* Petitioner has failed to show that this decision is contrary to or involves an unreasonable application of clearly established federal law. Consequently, he is not entitled to federal habeas relief.

3.

Petitioner further contends that the trial court allowed an unqualified expert, Cindy Alexander, to offer hearsay opinion testimony. Alexander, who serves as Clinical Director of the Dallas Children's Advocacy Center, testified about the dynamics of sexual abuse and how such abuse impacts child victims. Although she never interviewed or observed the complainant, Alexander was permitted to testify that child sex abuse victims typically experience fear, anxiety, flashbacks, headaches, stomachaches, and behavioral problems. (*See* SF-III at 175-76). Alexander explained that victims often delay reporting incidents of sexual abuse and sometimes develop a close relationship with the perpetrator in hopes that the abuse will stop. (*Id.* at 177-80). She further testified about the way in which a perpetrator spends time "grooming" a child by providing time, attention, or presents in order to get close to the victim. (*Id.* at 180). On cross-examination,

Alexander admitted that it is difficult to stereotype child sex abuse victims because each victim reacts differently. (*Id.* at 184-85). Alexander also acknowledged that children sometimes, though rarely, fabricate allegations of sexual abuse. (*Id.* at 187).

The court has little difficulty concluding that this witness was qualified to testify as an expert. Alexander is a licensed clinical therapist who, at the time of trial, had treated between 600-800 child sex abuse victims. (*Id.* at 171-72). She has a masters degree in social work and more than 30 years of experience in the field. (*Id.*). Texas courts have allowed witnesses with similar qualifications to testify as an expert in cases involving child sex abuse. *See, e.g. Foxworth v. State*, No. 10-04-00209-CR, 2005 WL 2300346 at *4 (Tex. App.--Waco, Sept. 21, 2005, pet. ref'd); *Mulvihill v. State*, 177 S.W.3d 409, 413 (Tex. App.--Houston [1st Dist.] 2005, pet. ref'd); *Malone v. State*, 163 S.W.3d 785, 792-94 (Tex. App.--Texarkana 2005, pet. ref'd); *Hernandez v. State*, 53 S.W.3d 742, 750 (Tex. App.--Houston [1st. Dist.] 2001, pet. ref'd).

Nor did Alexander give improper opinion testimony. In rejecting this argument on direct appeal, the state court wrote:

> Despite the lack of an explicit attempt by the State to connect the expert's opinion testimony to the facts, there is a substantial correlation between them. The evidence showed that Carey provided the children in his neighborhood, including the victim, with access to his swimming pool, brought presents for them from various trips, and bought rabbits for the children to play with. At one point, Carey told the victim she should take care of the rabbits because they were hers. The evidence also showed that the victim's initial physical symptoms manifested in recurrent stomachaches and a lot of anger, shown by hitting, kicking, and general poor behavior.

*Carey*, 2004 WL 743676 at *2. The state appeals court went on to hold that Alexander's testimony was admissible under Rule 702.[6] *Id., citing Morales v. State*, 32 S.W.3d 862, 865 (Tex. Crim. App.

---

[6] Rule 702 of the Texas Rules of Evidence provides:

2000) (expert testimony must be "sufficiently tied to the facts to meet the simple requirement that it be 'helpful' to the jury"). In order to justify federal habeas relief, petitioner must show that this evidentiary ruling was so improper and extreme "as to result in a denial of a constitutionally fair proceeding." *Jackson v. Johnson*, 194 F.3d 641, 656 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1437 (2000). Not only was Alexander's testimony admissible under Texas law, but petitioner has failed to show that the testimony played a "crucial, critical, and highly significant" role in the outcome of his trial. *Id.*, *quoting Little v. Johnson*, 162 F.3d 855, 862 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1768 (1999). This ground for relief should be overruled.

4.

Next, petitioner accuses the prosecutor of withholding exculpatory evidence and not investigating the facts of the case. According to petitioner, the prosecutor had access to prior statements made by the complaining witness "where she had named others, rather than [him] as being the alleged assailant." (*See* Hab. Pet. at 8(a), ¶ 20(E)). Petitioner further alleges that the prosecutor was "negligent in regard to [his] duty to investigate the truthfulness of the accusations and processing and/or managing the collection of evidence and in maintaining a chain of custody and control of evidence." (*Id.* at 8(a), ¶ 20(F)). Although petitioner alludes to evidence that would have exonerated him, he fails to produce or even identify such evidence. His conclusory allegations of prosecutorial misconduct are insufficient to merit federal habeas relief. *See Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990) (bare allegations of prosecutorial misconduct do not establish due process violation).

---

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

TEX. R. EVID. 702.

Petitioner also criticizes the prosecutor for failing to analyze or preserve the complaining witness's underwear. The failure to preserve potentially useful evidence does not give rise to a due process violation "unless a criminal defendant can show bad faith on the part of the police[.]" *Arizona v. Youngblood*, 488 U.S. 51, 58, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988). Here, petitioner does not allege, much less prove, bad faith on the part of the police or the prosecutor. These grounds are without merit and should be overruled.

5.

In one broad ground for relief, petitioner complains that the performance of trial counsel was constitutionally deficient in numerous respects. Specifically, petitioner contends that his attorney: (1) failed to locate, interview, and subpoena potential witnesses or hire an expert; (2) did not research or investigate the case, communicate a trial strategy, request important *Jencks* material,[7] or object to "testimony concerning evidence that did not exist;" (3) advised him to plead true to a prior conviction that was used to enhance punishment; (4) had a conflict of interest and was biased against him; (5) failed to test a jar of cream he allegedly used on the complaining witness; and (6) presented "no defense whatsoever." Petitioner also argues that the cumulative effect of these errors deprived him of a fair trial.

a.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective

---

[7] In *Jencks v. United States*, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957), the Supreme Court held that the government is required to provide evidence that is both material and favorable to the accused in a federal criminal case. A similar requirement was imposed on state prosecutors in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 2067. Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068; *see also Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (habeas petitioner must show that trial result was unreliable or proceeding fundamentally unfair due to deficient performance of counsel).

b.

Most of petitioner's ineffective assistance of counsel claims are either patently frivolous, negated by the record, or conclusory in nature. Although petitioner argues that his attorney should have located, interviewed, and subpoenaed potential witnesses, he does identify those witnesses or proffer their missing testimony.[8] Nor does petitioner explain why an expert was necessary to his defense. Without such an offer of proof, the court cannot begin to analyze a claim of ineffective assistance of counsel. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994). Likewise, petitioner does not elaborate on his claims that counsel failed to research or investigate the case, communicate a trial strategy, request important *Jencks* material, object to "testimony concerning evidence that did not exist," had a conflict of interest and was biased against him, and presented "no defense whatsoever." These vague, conclusory, and self-serving allegations do not merit habeas

---

[8] In a late-filed "supplement" to his state writ, petitioner listed seven witnesses who he contends could have impeached the credibility of the complaining witness. *See Ex parte Carey*, No. WR-63,555-01, Misc. Doc. Because this "supplement" was not properly before the Texas Court of Criminal Appeals, it cannot be considered on federal habeas review. *See Kunkle v. Dretke*, 352 F.3d 980, 988 (5th Cir. 2003), *cert. denied*, 125 S.Ct. 250 (2004).

relief. *See Beall v. Cockrell*, 174 F.Supp.2d 512, 522 (N.D. Tex. 2001) (citing cases), *COA denied*, No. 01-11404 (5th Cir. Mar. 14, 2002) (conclusory statements are insufficient to establish ineffective assistance of counsel).

c.

Only two of petitioner's ineffective assistance of counsel claims merit extended discussion. In one of those claims, petitioner criticizes his attorney for advising him to plead true to the California rape conviction that was used to enhance punishment. That claim was fully developed on state collateral review. According to defense counsel:

> The State provided a penitentiary packet of Mr. Carey's period of incarceration for an out-of-state conviction. [T]his was shown to Mr. Carey and he was also notified that, because this was an actual conviction, his only defense would have been to plead "not true" and make the State prove up the penitentiary packet through fingerprint. He was notified of this well before trial.

*Ex parte Carey*, WR-63,555-01, Tr. at 71; *Ex parte Carey*, WR-63,555-02, Tr. at 71. The trial transcript confirms that petitioner knowingly and voluntarily waived his right to contest the California rape conviction. Before the punishment hearing, the trial court arraigned petitioner on the prior conviction and asked for his plea. Petitioner pled "true." (SF-IV at 62). The judge then inquired:

> THE COURT: Are you pleading true freely and voluntarily?
>
> THE DEFENDANT: Yes, sir.
>
> \* \* \* \*
>
> THE COURT: I'm going to caution you that if you persist in that plea of true, I will make the finding that it is true and your punishment will be affixed by operation of law at life imprisonment.
>
> Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Understanding that, do you still plead true to both paragraphs?

THE DEFENDANT: Yes, sir.

(SF-IV at 62-63). This sworn testimony carries a strong presumption of veracity in a subsequent federal habeas proceeding. *See Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). After considering the evidence, including the affidavit of counsel and the court records, the state habeas court found that petitioner "was in no way denied his right to effective assistance of counsel at trial." *Ex parte Carey*, WR-63,555-01, Tr. at 87, ¶ 3; *Ex parte Carey*, WR-63,555-02, Tr. at 65, ¶ 3. Petitioner has failed to rebut that finding.

Nor has petitioner shown that counsel was ineffective for failing to test a jar of cream he allegedly used on the complaining witness. At trial, the complainant testified that petitioner put some kind of cream from an orange bottle on his finger before touching her "private." (SF-III at 98-99). Petitioner now claims that forensic testing would have revealed that the cream was athlete's foot medication "which would have caused extreme skin irritation if used [ ] in the manner alleged by the victim." *Ex parte Carey*, WR-63,555-01, Tr. at 27; *Ex parte Carey*, WR-63,555-02, Tr. at 23. Other than his own self-serving statement, petitioner offers no evidence that the cream was, in fact, athlete's foot medication. *See Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002) (habeas petitioner must show what results scientific tests would have yielded in order to prove that counsel was ineffective for failing to order such tests). Moreover, even if the cream would have caused "extreme skin irritation" as petitioner alleges, such evidence does not necessarily contradict the testimony of the complaining witness. When asked to describe how it felt when petitioner put the cream inside her "private," the complainant responded, "Not good." (SF-III at 100). In light of this testimony, the

court is unable to conclude that petitioner was prejudiced by counsel's failure to request forensic testing of the cream.

d.

Finally, petitioner contends that the "totality of errors" resulted in cumulative harm. This argument implicates the cumulative error doctrine, which provides that "an aggregation of non-reversible errors (i.e., plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair trial, which calls for reversal." *United States v. Munoz*, 150 F.3d 401, 418 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 887 (1999). Here, petitioner has failed to establish that the performance of his attorney was deficient in any way or that he was prejudiced thereby. As a result, relief is not available under the cumulative error doctrine. *See Miller v. Johnson*, 200 F.3d 274, 286 (5th Cir.), *cert. denied*, 121 S.Ct. 122 (2000) (petitioner who failed to demonstrate any error by trial counsel could not establish cumulative error).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 13, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE